■ In the Matter of the Claim of ANTON POLLAK, Respondent, v. ROBERT DAY, INC., et al., Appellants, and CREATIVE CATERERS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 22, 1971, which awarded disability benefits under the Disability Benefits Law (Workmen's Compensation Law, art. 9). Claimant, a waiter, became ill on February 21, 1970 and was

hospitalized until March 12, 1970. On the date he became ill he was employed by Creative Caterers, Inc. On February 17, 1970, which was within the same calendar week as February 21, claimant was employed by Robert Day, Inc. The board, finding that claimant was a "shape-up worker" who "was regularly and customarily in the employ of more than one covered employer within the same calendar week", held that claimant was concurrently employed by Robert Day, Inc., and Creative Caterers, Inc. Appellants, citing claimant's sporadic and irregular work record, contend that the board's finding of concurrent employment was not supported by substantial evidence. The question of whether an employee was concurrently employed and concurrently eligible for benefits in such employments is a question of fact within the sole province of the board and will not be disturbed if supported by substantial evidence. There was sufficient evidence for the board to conclude that claimant was concurrently employed. It is not necessary for a claimant to be employed by the *same* employers within the same calendar week as a regular procedure. It is only necessary that he be regularly and customarily employed by more than one covered employer within the same calendar week. Apportionment is a question of fact for the board. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Cooke, Simons and Kane, JJ., concur.